**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **MARY LINEHAN** | § | |
| | § | |
| **v.** | § | **Case No: 6:16-CV-00066-RWS-JDL** |
| | § | |
| **UNIVERSITY OF TEXAS AT TYLER** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above civil action was referred to United States Magistrate Judge John D. Love pursuant 28 U.S.C. § 636. On January 19, 2017, the Magistrate Judge filed his Report and Recommendation (the "Report") (Docket No. 36), which contains his findings, conclusions, and recommendations regarding Defendant University of Texas at Tyler's ("UTT") Motions to Dismiss, and Plaintiff's Motion for Leave to Amend. The Report recommended that Defendant's Partial Motion to Dismiss (Docket No. 8) be granted-in-part and denied-in-part, that Defendant's Motion to Dismiss Unexhausted Claims be denied (Docket No. 29), and that Plaintiff's Motion for Leave to Amend (Docket No. 31) be granted. The Report also recommended that Plaintiff's disability discrimination claims be dismissed without prejudice.

On February 3, 2017, UTT filed objections to the Report on three grounds: (1) that the Report used the incorrect standard of review; (2) that claims arising from actions occurring outside of the 300-day exhaustion deadline are time-barred; and (3) that Ms. Linehan's Title VII claims should be dismissed because she did not suffer an adverse employment action. *See* Docket No. 39. Ms. Linehan did not file a response to UTT's objections.

Having made reviewed the objected-to portions of the Magistrate Judge's Report *de novo*, the Court agrees with that the findings and conclusions of the Magistrate Judge. For the reasons outlined below, UTT's objections are **OVERRULED.**

### 1. Standard of Review

The Magistrate Judge's Report cites to the *Twombly* proposition that "[a] claim will survive an attack under Rule 12(b)(6) if it 'may be supported by showing any set of facts consistent with the allegations in the complaint.'" Docket No. 36 at 10 (citing to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007)). UTT argues that the Report applied an incorrect standard of review, and "dramatically misconstrue[d] *Twombly*" because *Twombly* abrogated the "any set of facts" standard. Docket No. 39 at 4. UTT's understanding of *Twombly* is mistaken.

A plain reading of *Twombly* indicates that the Supreme Court abrogated the "*no* set of facts" standard which had evolved from the Court's previous decision in *Conley v. Gibson*. *Twombly*, 550 U.S. at 561 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added). In *Conley*, the Court spoke of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. Applying a literal interpretation of this statement to *Twombly*, the Second Circuit found "the prospect of unearthing direct evidence of conspiracy sufficient to preclude dismissal, even though the complaint [did] not set forth a single fact in a context that suggest[ed] an agreement." *Twombly*, 550 U.S. at 561.

The Supreme Court reversed the Second Circuit, retiring the "no set of facts" language. *Id*. The Court criticized "such a focused and literal reading of *Conley*'s 'no set of facts'" standard that had developed over the years, in which "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later

establish some 'set of [undisclosed] facts' to support recovery." *Id*. It is *this* standard, and not the "any set of facts" standard, that the Supreme Court abrogated and clarified was "not the minimum standard of adequate pleading to govern a complaint's survival." *Id*. at 563. The Court went on to clarify that the "no set of facts" language "is best forgotten as an incomplete, negative gloss on an *accepted pleading standard:* once a claim has been stated adequately, it may be supported by showing *any set of facts* consistent with the allegations in the complaint." *Id*. (emphasis added).*

UTT's contention that "the *Twombly* court explained that the any or no set of facts language from Conley was 'not the minimum standard of adequate pleading'" is a misstatement of the law and a haphazard conflation of the very distinction the Supreme Court intended to make between these two standards.

To be sure, a number of courts, including the Fifth Circuit, have accepted and continued to invoke the "any set of facts" standards in the context of a Rule 12(b)(6) motion after *Twombly*.[1] UTT cites to no binding case law holding otherwise. *See* Docket No. 39 at 4.

UTT also argues that because the Report applied an incorrect standard of review, the Court should reconsider UTT's motions under the plausibility standard. Docket No. 39 at 3-4, 6.

The plausibility requirement of *Twombly* is meant to ensure that a claim contains more than "the mere possibility of loss" or "allegation of parallel conduct," lest a plaintiff with "a largely groundless claim" be allowed to take up the time of a number of other people. *Twombly*, 550 U.S.

---

[1] *See Jaso v. The Coca Cola Co.*, 435 Fed. Appx. 346, 352 (5th Cir. 2011); *Turner v. AmericaHomeKey Inc.*, 514 Fed. Appx. 513, 516 (5th Cir. 2013) ("A claim must be dismissed 'if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.")*; Huerta v. Shein*, 498 Fed. Appx. 422, 424 (5th Cir. 2012); *Bullard v. Texas Dept. of Aging and Disability Servs.*, 19 F. Supp. 3d 699 (E.D. Tex. 2013); *Bracken v. Wells Fargo Bank, N.A.*, 13 F. Supp. 3d 673 (E.D. Tex. 2014); *American S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610 (E.D. Tex. 2010); *Noble v. Lear Siegler Servs., Inc.*, No: 5:11CV181, 2012 WL 4815384, at *1 (E.D. Tex. Sep. 18, 2012), *adopted* Oct. 10, 2012; *Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3rd Cir. 2008); *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008); *Wells v. Craig & Landreth Cars, Inc.*, 474 Fed. Appx. 445 (6th Cir. 2012); *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010); *Enterprise Mgmt. Ltd., Inc. v. Warrick*, 717 F.3d 1112 (10th Cir. 2013); *Burgess v. Religious Tech. Ctr., Inc.*, 600 Fed. Appx. 657 (11th Cir. 2015).

557 (internal quotation omitted). "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

UTT argues that a number of Ms. Linehan's claims "fail to cross the line from conceivable to plausible because they are either time-barred or fail to allege an adverse employment action." Docket No. 39 at 4-5. However, neither of these issues relates to the plausibility of Ms. Linehan's claims, or whether her factual allegations suggest more than consistency or a mere possibility of discrimination. Moreover, the Magistrate Judge enumerated the specific factual allegations he considered in determining that Ms. Linehan has stated a valid, plausible complaint sufficient to survive a motion to dismiss. Docket No. 36 at 15-16. The Court agrees with the Report's analysis.

The Court finds that the Magistrate Judge properly considered the Rule 8(a)(2) requirement for stating a valid complaint, and applied the correct Rule 12(b)(6) standard of review in analyzing UTT's motion. Docket No. 36 at 9-10, 14-15.

UTT's first objection is therefore **OVERRULED.**

### 2. Time-barred Claims

UTT next objects that any discrete claims alleging adverse employment actions that occurred outside of the 300-day exhaustion deadline are time-barred. Docket No. 39 at 5. UTT seeks clarification as to which of Ms. Linehan's sex-discrimination claims will be going forward. *Id*.

In her response to UTT's Motion to Dismiss, Ms. Linehan "concedes that several of the factual events occurred outside of the 300 day limitations period." Docket No. 12 at ¶ 11. She argues, however, that such acts are not fatal to her complaint "insofar as [those] events portray a history of disparate treatment." *Id.* The Court agrees that Ms. Linehan is not barred from using the prior acts "as background evidence" to support her timely paid administrative leave claim. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Ms. Linehan has not alleged any discrete Title VII claims based on acts preceding the 300-day limitations period. Even so, the Court clarifies that any discrete claims based on acts occurring outside of the 300-day period are time-barred.

However, to the extent Ms. Linehan also seeks to pursue to a Title VII sex-discrimination claim based on a hostile work environment, Ms. Linehan is permitted to allege acts preceding the 300-day period to support her claim. *See National R.R. Passenger Corp.* 536 U.S. 116-117 (2002) ("It does not matter, for purposes of the [Title VII] statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). This is because hostile work environment claims are different in kind from discrete acts. *Id.* at 115. "Their very nature involves repeated conduct," such that the alleged unlawful employment practice "cannot be said to occur on any particular day." *Id.* Instead, a hostile work environment practice "occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.*

UTT argues that Ms. Linehan abandoned any hostile work-environment claims in her response to UTT's motion. Docket No. 39 at 5 n.6. Just the opposite, Ms. Linehan stated in her

response that her claims resulted in her "having to work in a hostile environment." Docket No. 12 at ¶ 4; *see also id.* at ¶ 15 ("Plaintiff has shown through her complaint that she was the constant victim of separate and disparate treatment that did cause her to feel that she was in a hostile work environment.").

The Magistrate Judge recommended granting Ms. Linehan leave to file an amended complaint to allow her to state her claims and factual allegations with greater specificity. Docket No. 36 at 10. The Magistrate Judge's recommendation is well-taken, and a dismissal of Ms. Linehan's hostile work environment claim before she has been afforded an opportunity to amend her complaint would be untimely.

Accordingly, UTT's second objection is **OVERRULED**, with the clarification that any discrete claims based on acts occurring outside of the 300-day limitation period are time-barred.

### 3. Adverse Employment Action

Lastly, UTT objects that the Magistrate Judge should have dismissed those of Ms. Linehan's claims that are based on paid administrative leave.

UTT first argues that the Report's reliance "on the wrong standard of review is most problematic" because the Report relied "on *Conley* to conclude that Linehan is not required to allege that she suffered an adverse employment action to state a discrete Title VII claim." Docket No. 39 at 6. As explained above, the Magistrate Judge applied the correct Rule 12(b)(6) standard of review.

Further, the Report relied on *Swierkiewicz v. Sorema, N.A.*, not *Conley*, in analyzing the pleading requirements for an employment discrimination complaint. Docket No. 36 at 14. *Swierkiewicz* has been readily cited by the Fifth Circuit and district courts within Texas for its

proposition that an employment discrimination complaint need not contain all elements of a *prima facie* case to survive a Rule 12(b)(6) motion.[2]

Even so, as detailed in the Report, Ms. Linehan has pled a number of facts to support her allegation that she suffered an adverse employment action. *See* Docket No. 36 at 16-17. In addition to being placed on paid administrative leave, Ms. Linehan alleges she was denied access to the university's facilities, was unable to participate in any summer course programs, had all research funding cut off, was prohibited from seeking Post-Tenure Review, was unable to research and or publish work for two years, and was not allowed to tell prospective employers that she had worked at UTT since 2009. *Id.* The Court agrees with the Report's recommendation that, accepting these facts as true and viewing them in the light most favorable to the non-moving party, Ms. Linehan has alleged adverse employment action to survive a Rule 12(b)(6) motion. Docket No. 36 at 17.

Second, UTT argues that Ms. Linehan has failed to state a claim because paid administrative leave is not considered an adverse employment action for a sex-discrimination claim. Docket. No. 39 at 5. As the Report correctly noted, an adverse employment action consists of ultimate employment decisions such as hiring, firing, demoting, promoting, granting leave,

---

[2] *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) ("a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim"); *Mitchell v. Crescent River Port Pilots Ass'n*, 265 Fed. Appx. 363, 370 (5th Cir. 2008) ("The Supreme Court has ruled that at the Rule 12(b)(6) stage, a plaintiff need not plead all of the elements of a prima facie case of discrimination under McDonnell Douglas in his complaint but instead must simply present a short and plain statement of the claim showing that [the plaintiff] is entitled to relief. Therefore, a dismissal for failure to state a claim under Rule 12(b)(6) cannot be based on a failure to plead the McDonnell Douglas elements.") (internal citations and quotations omitted); *Walker v. Beaumont Independent School District*, Civil Action No. 1:15-CV-379, 2016 WL 6666833, at *10 (E.D. Tex. Aug. 18, 2016), *report and recommendation adopted as modified on* Sep. 14, 2016; *Walker v. Trinity Oil and Gas Co.*, Civil Action No. 7:16-cv-00098-O-BP, 2016 WL 7745174, at *1 (N.D. Tex. Dec. 12, 2016), *report and recommendation adopted* Jan. 13, 2017; *Brown v. Texas Christian Uni. Board of Trustees*, Civil Action No. 4:15-CV-791-Y, 2016 WL 4368303, at *5 n.5 (N.D. Tex. Aug. 16, 2016) ("And although a plaintiff is not required to plead a prima-facie case of discrimination, *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-11 (2002), his complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to survive a motion to dismiss.") (internal citations and quotations omitted).

compensating, transfer, or reassignment. Docket No. 36 at 17 (citing *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 505 (5th Cir. 2015). Whether Ms. Linehan's paid administrative leave status and the terms and effects of that leave constituted an adverse employment action is an issue more appropriately analyzed at the summary judgment stage when the Court can consider the evidence in the record and factual context surrounding the paid leave.

The Court finds that the Magistrate Judge correctly denied UTT's motion to dismiss Ms. Linehan's discrete paid administrative leave claim, as she has pleaded enough facts to allege an adverse employment action. Accordingly, UTT's third objection is **OVERRULED.**

In conclusion, having considered UTT's objections *de novo*, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED.**

It is further **ORDERED** that Plaintiff shall file any amended complaint within fourteen days from the date of this Order.

**SIGNED this 7th day of March, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE