**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| MARY LINEHAN, <br> *Plaintiff*, <br> <br> v. <br> <br> UNIVERSITY OF TEXAS AT TYLER. <br> *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:16-CV-00066 |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant, University of Texas at Tyler ("Defendant" or "UTT"), denies each and every allegation contained in Plaintiff's Second Amended Complaint (Doc. 45) except for those expressly admitted below. These numbered paragraphs and titles correspond to the paragraphs within the Plaintiff's Second Amended Original Complaint.

## I.   INTRODUCTION

1.01   This paragraph is merely a description of Plaintiff's claims and does not require a response. To the extent any response is required, Defendant denies.

1.02   Defendant admits that after Defendant began its investigations into student complaints made against Plaintiff, she made an internal complaint to UTT's Office of Human Resources alleging various university employees had discriminated against her because of her sex. Defendant admits that Plaintiff notified the UTT in June 2014, that she had filed charge of discrimination against the university with the EEOC. Defendant denies the remainder of this paragraph.

1.03    Defendant admits that it placed Plaintiff of paid administrative leave pending the outcome of its investigation into student complaints. Defendant denies the remainder of this paragraph.

1.04    Deny.

1.05    Defendant is without sufficient knowledge and/or information to admit or deny this paragraph, and therefore denies.

1.06    Defendant admits that the final reports concerning its investigations into student complaints against Linehan were submitted on December 18, 2015. Defendant admits that Plaintiff was on paid administrative leave during the at least portion of the 2014-and 2015 summer school periods. Defendant denies the remainder of this paragraph.

1.07    Deny.

1.08    Defendant admits that its investigations concerned information relevant to the student complaints, including information from 2010. Defendant denies the remainder of this paragraph.

1.09    Admit.

## II.    PARTIES

2.01    Admit.

2.02    Admit.

## III.    JURISDICTION AND VENUE

3.01    In this paragraph, Plaintiff makes reference to statutes that involve the jurisdiction of this Court, and as such, requires no response except that Defendant denies that they have violated any statutes with regard to Plaintiff.

3.02    In this paragraph, Plaintiff makes reference to venue that involve the jurisdiction of this Court, and as such, requires no response except that Defendant admits that the majority of the acts alleged in this Complaint took place within the boundaries of this district.

3.03    Defendant admits that it receives federal funding, but denies that the receipt of federal funding waives Defendant's sovereign immunity for any of the causes of action alleged in this Complaint. Defendant denies the remainder of this paragraph.

3.04    Defendant admits that Plaintiff filed EEOC charges on or about March 9, 2015, and February 3, 2016. Defendant admits that the Department of Justice or EEOC issued right-to-sue notices on or about December 5, 2015, and December 20, 2016. Defendant denies that Plaintiff has satisfied all conditions precedent to suit as to all of the potential claims contained in this Complaint and therefore denies the remainder of the paragraph.

3.05    Defendant admits that it has employed over twenty employees in the current or proceeding calendar year. Defendant denies that it has waived sovereign immunity for claims brought under Chapter 21 of the Texas Labor Code or the Texas Human Rights Act in federal court. Defendant admits that Congress has abrogated Defendant's Eleventh Amendment immunity as to Title VII claims.

3.06    Admit.

### IV.    FACTUAL ALLEGATIONS

4.01    Defendant admits the first sentence is this paragraph. Defendant admits that Plaintiff has approximately 25 years of teaching experience. Defendant denies that Plaintiff has "an unblemished record." Defendant is without sufficient knowledge and/or information to admit or deny that Plaintiff has received five all-campus teaching awards from three universities, and therefore denies. Defendant admits the third sentences of this paragraph. Defendant is without

sufficient knowledge and/or information to admit or deny the fourth and fifth sentences of this paragraph because it is unclear what "[t]hat course" refers to, and therefore denies.

4.02   Defendant admits the first sentence of this paragraph. Defendant is without sufficient knowledge and/or information to admit or deny the second sentence of this paragraph because it is unclear what the "extra courses" refers to, and therefore denies. Defendant denies the remainder of this paragraph.

4.03   Deny.

4.04   Defendant is without sufficient knowledge and/or information to admit or deny the what Plaintiff or other unidentified individuals "found" or what their "finding was based on", and therefore denies this paragraph.

4.05   Deny.

   a.   Defendant admits that Plaintiff was removed from her Chair position in 2010 based solely on her inadequate performance of her Chair duties. Defendant denies the remainder of this paragraph.

   b.   Defendant admits that Plaintiff was not given performance review for years in which she did not teach. Defendant denies the remainder of this paragraph.

   c.   Defendant is without sufficient knowledge and/or information to admit or deny this paragraph as Plaintiff does not identify the male professor, and therefore Defendant denies this paragraph.

   d.   Deny.

4.06   Deny.

4.07   Defendant is without sufficient knowledge and/or information to admit or deny this paragraph, and therefore denies.

4.08    Defendant admits that Plaintiff contacted Marcus Stadelmann via email during the Spring 2014 semester. Defendant denies the remainder of this paragraph.

4.09    Defendant is without sufficient knowledge and/or information to admit or deny this paragraph, and therefore denies.

4.10    Defendant admits that students lodged complaints about academic irregularities in Plaintiff's classes. Defendant is without sufficient knowledge and/or information to admit or deny when Plaintiff learned of these complaints, and therefore denies the remainder of the first sentence. Defendant denies the remainder of this paragraph.

4.11    Defendant is without sufficient knowledge and/or information to admit or deny the first two sentences of this paragraph, and therefore denies. Defendant denies the remainder of this paragraph.

4.12    Defendant is without sufficient knowledge and/or information to admit or deny this paragraph, and therefore denies.

4.13    Defendant is without sufficient knowledge and/or information to admit or deny whether Plaintiff was "stunned" when she received notice of the students' complaints alleging sexual harassment, and therefore denies. Defendant denies the remainder of this paragraph.

4.14    Defendant admits that Plaintiff emailed Stadelmann on or about May 13, 2014, to ask him if he knew anything about the sexual harassment complaints. Defendant denies the remainder of this paragraph.

4.15    Defendant admits that Stadelmann notified Plaintiff on or about May 14, 2014, that the summer school schedule had changed and History 1302 had been reassigned and History 5397 had been cancelled. Defendant denies the remainder of this paragraph.

4.16    Defendant admits the first two sentences of this paragraph. Defendant is without sufficient knowledge and/or information to admit or deny the remainder of this paragraph, and therefore denies.

4.17 Defendant admits that on or about June 4, 2014, Plaintiff made an internal complaint to UTT's Office of Human Resources alleging various university employees had discriminated against her because of her sex. Defendant admits that Plaintiff notified the UTT in June 2014 that she had filed charge of discrimination against the university with the EEOC. Defendant admits that as part of UTT's investigation into Plaintiff's allegations that it considered information that Plaintiff submitted in support of her allegations. Defendant denies the remainder of this paragraph.

4.18    Defendant is without sufficient knowledge and/or information to admit or deny what "Plaintiff believes" and therefore denies this paragraph.

4.19    Deny.

4.20    Defendant admits that on or about June 6, 2014, Plaintiff was apprised of the students' complaints and the university's investigation into the complaints. Defendant denies the remainder of this paragraph.

4.21    Defendant denies that the student complaints were limited to only four students as a number of additional students and former students alleged that Plaintiff subjected them to sexual harassment, sexual misconduct, and academic misconduct. Defendant admits that the initial student complaints that initiated the investigation came from students who took courses from Linehan in the Spring 2014 semester. Defendant denies the remainder of this paragraph.

4.22    Deny.

4.23     Defendant admits that the complaints allege Plaintiff has subjected her students to sexual harassment. Defendant denies Plaintiff's characterization of the complaints and their origin. Defendant denies the remainder of this paragraph.

4.24     Defendant admits that UTT requested that Plaintiff submit a written response to the complaints by June 20, 2014, and that Plaintiff provided a written response around that time (the correspondence is dated June 19, 2014, not June 18, 2014 as alleged in the Complaint). Defendant denies that exhibits or correspondence were attached to that response; only that Plaintiff's attorney could provide it "at your request." Defendant denies the remainder of this paragraph.

4.25     Defendant denies the first two sentences.  Defendant is without sufficient knowledge and/or information to admit or deny the remainder of this paragraph, and therefore denies.

4.26      Defendant is without sufficient knowledge and/or information to admit or deny Plaintiff's beliefs, and therefore denies the first sentence of this paragraph. Defendant is without sufficient knowledge and/or information to admit or deny the date Plaintiff first contacted the EEOC and therefore denies that Plaintiff contacted the EEOC on June 4, 2014, regarding her allegations. Defendant admits the remainder of the second sentence regarding the substance of the allegations, but denies the allegations.

4.27     Defendant admits that on or about June 6, 2014, Slann apprised Plaintiff that the College of Arts and Sciences had received several complaints from students alleging academic violations of the UTT's policies and that Slann was tasked with gathering information regarding the complaints. Defendant denies the remainder of this paragraph.

4.28     Deny.

4.29     Deny.

4.30  Deny.

4.31  Deny.

4.32  Deny.

4.33  Defendant is without sufficient knowledge and/or information to admit or deny this paragraph because the EEOC's file related to Plaintiff's charge, which was produced pursuant to a FOIA request, does not contain any information reflecting that Plaintiff contacted the EEOC prior to the March 2015 EEOC charge of discrimination Therefore, Defendant denies this paragraph.

4.34  Defendant admits that it placed Plaintiff on paid administrative leaving pending its investigation into the alleged sexual harassment on or about July 17, 2014. Defendant denies the remainder of this paragraph.

4.35  Defendant admits that Plaintiff returned from her paid administrative leave on or about May 31, 2016. Defendant admits that there were restrictions that accompanied Plaintiff's paid administrative leave. Defendant admits that its policy 2.4.3 (I)(2)(f) stated "The investigation of a complaint will be concluded as soon as possible after receipt of the written complaint. In investigations exceeding 60 days, a justification for the delay will be presented to and reviewed by the vice president overseeing the investigative office. The complainant, accused individual, and supervisor should be provided update on the progress of the investigation and issuance of the report." Defendant denies the remainder of this paragraph.

4.36  Deny.

4.37  Deny.

    a. Defendant admits that Plaintiff was instructed that while on administrative leave she is not authorized to be on the premises of UTT unless she is instructed by the Office of Human Resources or by the Dean of the Student's Office.

    b  Deny.

    c. Deny.

    d. Deny.

    e. Deny.

    f. Deny.

    g.  Defendant admits that Plaintiff was obligated to respond to email and correspondence and remain available during business hours during her paid leave. Defendant denies that Plaintiff was ever not compensated her salary while she was on paid administrative leave.

    h. Deny.

    i. Deny.

    j. Deny.

4.38    Defendant admits that Plaintiff was on paid administrative leave from approximately July 2014 until May 2016. Defendant denies the remainder of this paragraph.

4.39    Defendant is without sufficient knowledge and/or information to admit or deny whether Plaintiff had any research or work product over the last two years, and therefore denies. Defendant admits that Plaintiff did not teach summer school from 2014-16. Defendant denies the remainder of this paragraph.

4.40    Defendant admits that its stated basis for placing Plaintiff on paid administrative leave was due to its investigation in allegations of possible violations of UTT policies, including but

not limited to, allegations of sexual misconduct and sexual harassment committed by the Plaintiff. Defendant denies the remainder of this paragraph.

4.41   Deny.

4.42   Deny.

4.43   Defendant denies that any potential comparator is similarly-situated to Plaintiff, or that the timing of any comparator's investigation would be similar to Plaintiff's as the delay in UTT's investigation into Plaintiff's misconduct stemmed in large part to Plaintiff's own requests that aspects of the investigation be delayed. Defendant is without sufficient knowledge and/or information to admit or deny the remainder of the paragraph as Plaintiff does not identify the comparator, and therefore denies.

4.44 Defendant is without sufficient knowledge and/or information to admit or deny the remainder of the paragraph as Plaintiff does not identify the comparator, and therefore denies.

4.45 Defendant admits that in September 2014, Amy Clem issued a final report regarding Plaintiff allegations that she had been subjected to gender discrimination. Defendant admits that after interview of relevant witnesses and a review of evidence submitted, Clem concluded that there is no evidence to support Plaintiff's allegations that Slann, Wink, or Stadelmann discriminated against her based on her gender. Defendant denies any of the conclusions were unsubstantiated attacks on her character, and denies that Clem neglected to review or examine any of Plaintiff's alleged evidence supporting her claims. Defendant denies the remainder of this paragraph.

4.46   Defendant admits that the report was sustained on appeal. Defendant denies the remainder of this paragraph.

4.47   Deny.

4.48    Defendant is without sufficient knowledge and/or information to admit or deny whether Plaintiff has a chronic medical condition she has been managing while employed with Defendant, and therefore denies. Defendant admits that Plaintiff applied for, and received FMLA leave, but denies the remainder of the paragraph.

4.49    Defendant admits that on or about May 6, 2015, that Plaintiff was interviewed regarding the allegations against her. Defendant admits that prior incidents and complaints were discussed, but denies that questioning about these prior incidents took a substantial amount of time, and denies that they had nothing to do with the current investigation. Defendant denies the remainder of this paragraph.

4.50    Deny.

4.51    Deny.

4.52    Deny.

4.53    Defendant is without sufficient information about what Plaintiff's legal counsel told her, and therefore denies this paragraph. Defendant is also without sufficient information to know whether Plaintiff fully cooperated and answered the questions to the best of her ability, and therefore denies.

4.54    Deny.

4.55    Defendant is without sufficient knowledge and/or information to admit or deny who Plaintiff contacted while on paid administrative leave, and therefore denies. Defendant denies the remainder of this paragraph.

4.56    Defendant admits that in December 2015, Defendant issued its reports and findings on the charges of sexual harassment and academic misconduct by Plaintiff. Defendant denies the remainder of this paragraph.

4.57    Defendant is without sufficient knowledge and/or information to admit or deny what Plaintiff means by "first report." Defendant admits that Slann, as the Dean of the College of Arts and Sciences, was responsible for and issued the report regarding academic misconduct alleged against Plaintiff, but denies Slann was the architect of the student complaints. Defendant denies the remainder of the paragraph.

4.58    Defendant denies that the reports go far beyond the original charges, as investigations often uncover additional incidents related to the charges. Defendant is without sufficient knowledge to know what time frame Plaintiff is alleging favorable appraisals, and therefore denies. Defendant admits additional events and incidents were discovered that became part of its investigation and relied on it to issue appropriate discipline. Defendant denies the remainder of the paragraph.

4.59    Defendant admits that prior inappropriate interactions with Plaintiff were mentioned within the final reports and their findings, but denies that Plaintiff was not allowed an opportunity to respond. Defendant denies the remainder of the paragraph.

4.60    Deny.

4.61    Deny.

4.62    Defendant admits that part of the academic misconduct report discovered past events, including Plaintiff hiring students to due personal chores and errands for her, a violation of UTT academic policies. Defendant denies the remainder of the paragraph.

4.63    Defendant admits that it recommended some form of discipline for Plaintiff's use of Facebook to contact students, but denies the rest of the paragraph.

4.64    Deny.

4.65    Deny.

4.66   Deny.

4.67   Defendant admits that the multiple investigations regarding allegations made by both students and Plaintiff took from about approximately May 2014 until May 2016, but denies the remainder of the paragraph.

4.68   Deny.

4.69   Defendant denies that it has violated, or is attempting to violate, any statutes or AAUP scrutiny in regards to Plaintiff. Further, Defendant lacks sufficient knowledge and/or information to admit or deny Plaintiff's motivations, and therefore denies the remainder of this paragraph.

4.70   Defendant denies that Plaintiff's employment remains in suspense, but lacks sufficient knowledge and/or information as to her academic reputation and therefore denies the first sentence of the paragraph. Defendant denies the remainder of the paragraph.

4.71   Defendant admits that upon return from leave, several more students have complained about Plaintiff's behavior and that these student complaints are the subject of a Title IX investigation. Defendant admits that Plaintiff was notified that the investigation could result in disciplinary action. Defendant is without sufficient knowledge and/or information about Plaintiff's beliefs to admit or deny, and therefore denies the last sentence of the paragraph. Defendant denies the remainder of the paragraph.

4.72   Defendant is without sufficient knowledge and/or information about which performance reviews and student evaluations Plaintiff is referring to, and therefore denies the first sentence of the paragraph. Defendant denies the first part of the second sentence, but admits to the discipline that was issued to Plaintiff including that she was suspended for one semester without pay. Defendant denies the remainder of the paragraph.

4.73   Deny.

4.74   Deny.

4.75   Deny.

4.76   Defendant admits the first sentence. Defendant is without sufficient knowledge and/or information to admit or deny what actions Plaintiff took with her counsel, and therefore denies. Defendant admits it received a copy of Plaintiff's complaint.

4.77   Admit.

    a. Admit.

    b. Admit.

    c. Admit.

    d. Admit.

4.78   Defendant is without sufficient knowledge and/or information to admit or deny what Plaintiff believes to be adequate definition, and therefore denies the first sentence of the paragraph. Defendant denies the remainder of the paragraph.

4.79   Deny.

4.80   Defendant admits that Plaintiff was on paid administrative leave for approximately two academic years and was suspended for one semester. Defendant denies the remainder of the paragraph.

4.81   Defendant admits that Plaintiff is required to be under supervision of her Department Chair, but denies the remainder of the paragraph.

4.82   Admit.

4.83   Deny.

4.84     Defendant admits that the length of investigations, and ultimately Plaintiff's paid administrative leave, was in large part caused by Plaintiff's actions and repeated requests for delay. Defendant denies the remainder of this paragraph.

4.85     Defendant admits that the length of investigations and ultimately Plaintiff's paid administrative leave was in large part cause by Plaintiff's actions and repeated requests for delay. Defendant denies the remainder of this paragraph.

4.86     Defendant is not required to admit or deny first sentence of this paragraph because it solely calls for a legal conclusion, but, to the extent a response is deemed required, Defendant denies. Defendant denies the remainder of the paragraph.

4.87     Deny.

## V.     CAUSES OF ACTION

### First Count

### Sex Discrimination in Violation of 42 U.S.C. § 2000 e

5.01     Defendant cannot admit or deny this paragraph, as it just seeks to incorporate the foregoing paragraphs.

5.02     Deny.

5.03     Defendant admits that any of the acts described in the complaint occurred more than 300 days prior to the filing of the charge, but denies any allegations that such actions were based on sexual bias or favoritism. Defendant denies the remainder of the paragraph.

5.04     Defendant admits that Plaintiff filed her Second Amended Complaint on or about Mary 7, 2017 pursuant to a Court order. Defendant admits that the EEOC or DOJ issued a right-to-sue notice within 90 day of the Original Complaint. Defendant denies that Plaintiff has satisfied all

conditions precedent to suit as to all of the potential claims contained in this Second Amended Complaint and therefore denies the remainder of the paragraph.

5.05   Deny.

5.06   Defendant denies this paragraph, and denies that Plaintiff is entitled to any of the relief discussed therein.

## VI.

## Second Count

### Sex Discrimination In Violation of Chapter 21 of Texas Labor Code

6.01   Defendant cannot admit or deny this paragraph, as it just seeks to incorporate the foregoing paragraphs.

6.02   Admit.

6.03   Defendant denies that conditions precedent to filing this action have been met and asset that this cause of action has be dismissed.

6.04   Deny.

6.05   Deny.

## VII.

## Third Count

### Retaliation under 42 U.S.C. § 2000e and Chapter 21 of Texas Labor Code

7.01   Defendant cannot admit or deny this paragraph, as it just seeks to incorporate the foregoing paragraphs.

7.02   Admit.

7.03   Admit.

16

7.04    Defendant admits that Plaintiff filed a charge of discrimination with the EEOC and TWC on or about March 9, 2015. Defendant denies that there is any Exhibit B or D filed as attachments to the Second Amended Complaint. Defendant further denies that the EEOC issued a right-to-sue notice prior to the filing of the Original Complaint as the right-to-sue notice was issued by the DOJ. Defendant denies the remainder of the paragraph.

7.05    Defendant denies this paragraph, and denies that Plaintiff is entitled to any of the relief discussed therein.

7.06    Defendant denies this paragraph, and denies that Plaintiff is entitled to any of the relief discussed therein.

## VIII.

### Fourth Count

### Attorneys' Fees

8.01    Defendant cannot admit or deny this paragraph, as it just seeks to incorporate the foregoing paragraphs.

8.02    This paragraph does not contain assertions of fact to which a response is required, except that Defendant denies that Plaintiff is entitled to any attorneys' fees.

## IX.

### Jury Trial Demanded

9.01    This paragraph is just a demand for a jury trial, and does not require a response.

(1-11.) Defendant denies that Plaintiff is entitled to any of the relief requested in her Prayer.

### X.    AFFIRMATIVE DEFENSES

Pleading further, Defendant asserts the following affirmative defenses to Plaintiff's causes of action:

17

1.      Defendant asserts the affirmative defense of sovereign immunity or Eleventh Amendment immunity as to any of Plaintiff's claims or requests for damages for which there has been no statutory or express waiver.

2.      Defendant asserts the affirmative defense of limitations to the extent that any of Plaintiff's claims are based upon acts or events which occurred outside of the applicable statute of limitations.

3.      Defendant asserts that Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

4.      Defendant asserts that any and all decisions regarding Plaintiff were wholly appropriate and would have been taken regardless of Plaintiff's gender or prior protected activity.

5.      Defendant asserts that any actions taken against Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons and were taken without discriminatory or retaliatory animus;

6.      Defendant asserts that Plaintiff's own acts or omissions caused or contributed to Plaintiff's injuries, if any.

7.      Defendant asserts that Plaintiff failed to mitigate damages, if any.

8.      Defendant asserts the defense of after-acquired evidence.

9.      Defendant asserts that it exercised reasonable care to prevent and correct promptly any harassing behavior, and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

10.     Defendant asserts the defense of laches.

11.     Defendant reserves the right to assert additional defenses as they may become apparent in the factual development of this case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by her suit and that all costs be taxed against her. Defendant further prays that this Court grant it any other further relief to which it may be justly entitled both in law and in equity.

DATE: April 6, 2017  Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Director of Defense Litigation

**ANGELA V. COLMENERO**
Chief, General Litigation Division

*/s/ Esteban S.M. Soto*_____
**ESTEBAN S.M. SOTO**
Assistant Attorney General
State Bar No. 24052284
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4054
Facsimile: (512) 320-0667
esteban.soto@oag.texas.gov
***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served through CM/ECF filing, on this the 6th day of April, 2017, to:

Nicholas A. O'Kelly
KILGORE & KILGORE, PLLC
3109 Carlisle Street, Suite 200
Dallas, Texas 75204
Telephone: 214/969-9099
Facsimile: 214/953-0133
Email: nao@kilgorelaw.com
*ATTORNEYS FOR PLAINTIFF*

                                      */s/ Esteban S.M. Soto*
                                      **ESTEBAN S.M. SOTO**